[No. 1327. Decided May 28, 1894.]

HOWARD E. CASE *et al.*, *Respondents*, v. GEORGE HAM *et al.*, *Appellants.*

APPEAL — STATEMENT OF FACTS.

Where the testimony taken in an equity cause is sent up with the transcript on appeal, but had not been served on the respondents and is without any certificate showing it is all the testimony taken in the cause, it will be stricken from the record, although in the statement of facts filed there is the allegation that the entire record in the case, the testimony taken therein, and the exhibits therein filed, are hereby expressly referred to and made a part of this statement.

*Appeal from Superior Court, Clarke County.*

*J. A. Munday,* and *Selden Hetzel,* for appellants.

*E. E. Coovert,* for respondents.

The opinion of the court was delivered by

SCOTT, J. — This is an equity case. The respondents move to strike the purported statement of facts and certain testimony sent up with the transcript, on the grounds that the statement is insufficient under the law, and was not served on the respondents as required by statute. It appears that a certain document, which is but a recital of various steps taken in the action, was served on the respondents as a statement of facts. It contained none of the testimony which had been taken, but appellants maintain that it was a sufficient statement because it contains this reference:

"The entire record in the case, the testimony taken therein, and the exhibits therein filed, are hereby expressly referred to and made a part of this statement."

The testimony was taken by a shorthand reporter, and it was claimed by appellants that it was transcribed and

delivered to the clerk of the lower court, and was by him
sent up with the transcript to this court.    Certain testi-
mony appears in the record which bears no evidence on its
face of having been filed in the case, and the only thing to
show that it is a part of the proceedings is the presump-
tion arising from the fact that it is entitled in the cause,
and was sent up with the transcript.    There is, however,
no proof or certificate of any kind showing that it is all
the testimony taken in said cause, and it is admitted that
it was not served on the respondents.    It is not identified
in any manner excepting as stated, and the respondents'
motion to strike the same must prevail.    And, it further
appearing that no question is raised excepting such as de-
pends upon the testimony taken in the cause, the judg-
ment is affirmed.

DUNBAR, C. J., and HOYT, ANDERS and STILES, JJ.,
concur.